# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51340
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM DANIEL SCHLOSSER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-12-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

William Daniel Schlosser appeals his conviction for possession with intent to deliver five or more kilograms of cocaine. He contends that the district court erred by denying his motion to dismiss the indictment under the Speedy Trial Clause following a 10-year delay between his indictment and arrest on the charge.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51340

The Sixth Amendment determination requires consideration of four factors: (1) the extent of the delay; (2) "whether the government or the criminal defendant is more to blame for that delay"; (3) whether the defendant was diligent in asserting the right to a speedy trial; and (4) any prejudice resulting from the delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992) (describing the factors announced in *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). We review the district court's factual findings for clear error and its application of the *Barker* factors de novo. *United States v. Molina-Solorio*, 577 F.3d 300, 303-04 (5th Cir. 2009).

While the extent of the 10-year delay here weighs heavily in Schlosser's favor, *see Molina-Solorio*, 577 F.3d at 305, he does not dispute the finding by the district court that he precipitated the delay by absconding to Mexico to avoid prosecution. Instead, relying on *Doggett* and *Molina-Solorio*, Schlosser asserts that the Government was negligent in pursuing him and that the second *Barker* factor thus weighs in his favor. According to Schlosser, the Government should have interviewed the individuals on his cell phone's contact list, which agents examined when he was detained in 2005; contacted his father-in-law in Mexico; followed up with the woman who drove Schlosser to the Ysleta Port of Entry in 2007; called the telephone number on a business card for a carwash owned by Schlosser in Mexico; and interviewed his wife when she crossed the border. Asserting that he was unaware during his 10-year stay in Mexico that he had been indicted, Schlosser asserts that he diligently asserted the right to a speedy trial under the third factor because he moved to dismiss the indictment three months after his arrest in 2015. Finally, Schlosser contends that prejudice should be presumed because the first three factors weigh heavily in his favor.

2

No. 16-51340

The record here reflects that Schlosser remained beyond the Government's jurisdiction throughout the 10-year delay between his indictment and arrest. The Government diligently monitored the border and identified him as a fugitive on both occasions that he attempted to reenter the country. It also made regular efforts to search domestic databases to determine whether he could be living in the United States. The caselaw cited by Schlosser is distinguishable and does not support his claim that the Government was negligent or that its negligence was the principal cause of the 10-year delay. Further, there is no evidence that the Government purposefully delayed his prosecution to cause him prejudice. The second factor "cuts strongly against [Schlosser]." *United States v. Harris*, 566 F.3d 422, 432 (5th Cir. 2009).

The Government contends that the third factor is neutral or weighs against Schlosser because he knew that a charge was inevitable and waited more than 10 years to assert his desire for a speedy trial. On the facts of this case, we conclude he should not be taxed for failing to request a speedy trial prior to his arrest. *See Doggett*, 505 U.S. at 653-54; *Molina-Solorio*, 577 F.3d at 306.

Under the fourth *Barker* factor, Schlosser is not entitled to a presumption of prejudice because all of the first three factors do not weigh in his favor. *See Harris*, 566 F.3d at 432. He does not dispute the district court's finding that any prejudice was slight. Indeed, the evidence of Schlosser's guilt, which included his voluntary confession following his arrest while in possession of drugs, remained compelling at the time of his conviction despite the passage of time. Any unknowable prejudice that may have accrued during the delay is balanced against the weight that must be given to the necessity of tracking him down after he absconded. *See Doggett*, 505 U.S. at 656.

3

No. 16-51340

For these reasons, we find no error by the district court in its undertaking of this "difficult and sensitive balancing process." *Barker*, 407 U.S. at 533. The judgment of the district court is AFFIRMED.